## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL MAYO                    :
    **Plaintiff,**                    :
                                    :

**v.**                              :        **CIVIL ACTION NO. 18-CV-4390**
                                    :

**CORRECTIONS EMERGENCY**      :
**RESPONSE TEAM (CERT)**, *et al.*,  :
    **Defendants.**               :

## ORDER

AND NOW, this 12th day of December, 2018, upon consideration of *pro se* Plaintiff Michael Mayo's Motion for Leave to Proceed *In Forma Pauperis*, (ECF No. 4), his Prisoner Trust Fund Account Statement (ECF No. 5), and his Complaint (ECF No. 1), it is **ORDERED** that:

1.      Leave to proceed *in forma pauperis* is **GRANTED**.

2.      Mayo, #DW-2032, shall pay the full filing fee of $350.00 in installments, pursuant to 28 U.S.C. § 1915(b).  Based on the financial information provided by Mayo, an initial partial filing fee of $41.47 is assessed.  The Superintendent or other appropriate official at SCI Phoenix or at any other prison at which Mayo may be incarcerated is directed to deduct $41.47 from Mayo's inmate trust fund account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106, to be credited to Civil Action No. 18-4390.  In each succeeding month when the amount in Mayo's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mayo's inmate

trust fund account until the fees are paid.  Each payment shall reference the docket number for this case, Civil Action No. 18-4390.

       3.      The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Phoenix.

       4.      The Complaint is **DEEMED** filed.

       5.      The Complaint is **DISMISSED without prejudice** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reason stated in the Court's Memorandum.

       6.      Mayo is given leave to file an amended complaint within thirty (30) days of the date of this Order.  If Mayo files an amended complaint, he must identify all of the defendants in the caption of the amended complaint.  The amended complaint must also provide as much identifying information for the defendants as possible.  Mayo may refer to a defendant by last name only if that is the only identifying information possessed.  If Mayo wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.  The amended complaint must also describe how each defendant was responsible for violating Mayo's rights, and should not rely on or refer back to the initial Complaint to state a claim.  If Mayo cannot state a claim in light of the law set forth in the Court's Memorandum, he should not include that claim in his amended complaint.  Upon the filing of an amended complaint, the Clerk of Court shall not make service until so **ORDERED**.

       7.      The Clerk of Court is **DIRECTED** to send Mayo a blank form complaint to be used by a prisoner filing a civil rights action.  The Clerk of Court shall write the civil action number of this case on the form.  Mayo may use this form to file an amended complaint if he chooses to do so.

8. Mayo's request for counsel, which is set forth in his Complaint, is **DENIED without prejudice** at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).

9. If Mayo fails to file an amended complaint, his case may be dismissed without prejudice for failure to prosecute without further notice.

**BY THE COURT:**


**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**